CHELSEA EXCHANGE BANK, Plaintiff, v. SIGNONO C. MUNOZ, Defendant.

Supreme Court, New York Special Term, February, 1922

**Negotiable instruments — action on notes — pleadings — rule 113 of the Rules of Civil Practice not generally applicable to counterclaims — plaintiff's remedy is by motion under Rules of Civil Practice, 109, 110 or 112.**

Where to a complaint by a bank upon promissory notes, the answer, besides a general denial that the notes are due and owing, pleads a counterclaim based upon an agreement under seal not on its face connected with the subject-matter of the action, but which was signed by the president of plaintiff as its agent, plaintiff's motion under rule 113 of the Rules of Civil Practice to strike out the counterclaim and for summary judgment will be denied, as said rule is not applicable to counterclaims of the nature pleaded. The proper remedy is by motion to dismiss the counterclaim or for judgment on the pleadings under rules 109, 110 or 112 of the Rules of Civil Practice.

MOTION to strike out counterclaim.

*Toney A. Hardy (David Brady and Selig Edelman,* of counsel), for plaintiff.

*Guggenheimer, Untermyer & Marshall (Irwin Untermyer and I. Maurice Wormser,* of counsel), for defendant.

COHALAN, J. The plaintiff moves to strike out the counterclaim and for summary judgment under rule 113 of the Rules of Civil Practice. The pleadings consist of a complaint and an answer, which includes a counterclaim. The complaint is based upon two promissory notes executed by the defendant to plaintiff's order in the sum of $32,500. The answer does not deny the execution of the notes, but denies that they are due and owing. The counterclaim sought to be stricken out is based upon an agreement not connected on its face with the subject-matter of the complaint. From the moving affidavits it appears that the agreement was in writing and under seal, and therein one Stillger, president of the plaintiff bank and one of the signers, is named as a party thereto. The counterclaim rests upon the claim that he signed the agreement as agent of the plaintiff. The moving and answering affidavits relate solely to the counterclaim and raise serious questions of law, but for the reasons hereinafter mentioned they may not be decided in this motion.

This motion is brought under rule 113 of the Rules of Civil Practice and the question presents itself: Is this rule confined purely to defenses or may a plaintiff attack a counterclaim such as is alleged here? The question is novel and, in so far as I am

able to ascertain, has not been passed upon since our practice rules went into effect. A reading of rule 113 shows, I believe, that this rule was made for the purpose of doing away with defenses that have no merit, defenses that are put in purely for the purpose of delay. I do not believe the rule is open to the construction put upon it by the plaintiff, that counterclaims may be attacked as well as defenses. I do not believe the makers of the rule ever intended it to so apply. If there was such an intent it is not apparent either by inference or otherwise from the wording of the rule. The rule in so far as defenses are concerned is an excellent one, though at times, as I have had occasion in a late decision to remark, it is open to abuse. My belief that this rule is not applicable to counterclaims as alleged in the present case is strengthened by a consideration of rules 109, 110 and 112. Rule 113 is what, for a better term, we might call a plaintiff's remedy. It is certainly not a defendant's remedy. A counterclaim is in the nature of a new action where the defendant becomes the plaintiff and the plaintiff becomes the defendant, and so the plaintiff in the complaint may not as a defendant in the counterclaim ask a plaintiff's relief such as is contemplated in rule 113. It might well be that the rule should be amplified so as to give to a defendant in an action the right to move to strike out a reply to a counterclaim that has no merit.

Under our former practice the plaintiff in the present case would have had his remedy under the demurrer or motion for judgment on the pleadings. The new Rules of Civil Practice under 109, 110 and 112 have preserved these rights with some time limitations. A careful reading of rules 109, 110 and 112, in conjunction with rule 113, shows that the latter is not applicable to a counterclaim such as is alleged here. Whatever the merit of the question raised by the moving affidavits in this motion they are properly the subject of a motion brought under rules 109, 110 or 112, and may not be considered in a motion brought under rule 113.

It follows that the motion should be denied.